UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

Glenn Jackson, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action,*

Case No.:

                                        *Plaintiff,*

**Jury Trial Demanded**

        *- against -*

**FIRST AMENDED COMPLAINT**

Britannica Floor Covering, Inc., and Michael Kahoud,

                                        *Defendants.*
-----------------------------------------------------------------X

Plaintiff Glenn Jackson ("Plaintiff" or "Jackson"), on behalf of himself and others similarly situated, by and through his attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to himself and upon information and belief as to others, brings this first amended complaint against Defendants Britannica Floor Covering, Inc., (the Corporate Defendant"), and Michael Kahoud (the "Individual Defendant", and collectively with the Corporate Defendant, the "Defendants") and states as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this lawsuit seeking recovery, for himself and all other similarly situated individuals, against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

2.      Plaintiff seeks injunctive and declaratory relief and to recover unpaid minimum wages, overtime wages, unlawfully deducted wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

3.     The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4.     This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because his claims arise under the FLSA.

5.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF GLENN JACKSON**

6.     Plaintiff was employed as a manual worker and general worker at Defendants' construction company known as "Britannica Floor Covering", from April 2016 to, through and including December 2019.

7.     Plaintiff was employed as a non-managerial manual worker for Defendants from April 2016 to, through and including December 2019.

8.     At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT BRITANNICA FLOOR COVERING, INC.**

9.     Upon information and belief, Defendant Britannica Floor Covering, Inc. is a domestic corporation organized and existing under the laws of New York.

10.     Upon information and belief, Defendant Britannica Floor Covering, Inc. is licensed to do business in the State of New York, and at all relevant times here to, maintained a principal

place of business at 155 Park Ave, #1 Amityville, NY 11701, and an alternate address at 1798 Merrick Road, Merrick, NY, 11566.

11.     At all times relevant to this Complaint, Defendant Britannica Floor Covering, Inc. (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

12.     At all times relevant to this Complaint, Defendant Britannica Floor Covering, Inc. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

13.     At all times relevant to this Complaint, Defendant Britannica Floor Covering, Inc. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANT MICHAEL KAHOUD**

14.     Defendant Michael Kahoud is an individual engaging (or who have engaged) in business within this judicial district during the relevant time period.

15.     Defendant Michael Kahoud is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendant.

16.     Defendant Michael Kahoud possesses or possessed operational control over the Corporate Defendant, or controlled significant functions of the Corporate Defendant.

17.     Defendant Michael Kahoud determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

18.     At all times relevant to this Complaint, Defendant Michael Kahoud has been and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

## DEFENDANTS CONSTITUTE JOINT EMPLOYERS

19.     Defendants own, operate and/or control Britannica Floor Covering.

20.     The Individual Defendant possesses operational control over the Corporate Defendant, possesses an ownership interest in the Corporate Defendant, and controls significant functions of the Corporate Defendant.

21.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

22.     Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

23.     Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

24.     In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

25.     Upon information and belief, the Individual Defendant operates the Corporate Defendant as either an alter ego of himself, and/or fails to operate the Corporate Defendant as an entity legally separate and apart from himself, by, among other things:

a.      failing to adhere to the corporate formalities necessary to operate the Corporate Defendant a separate and legally distinct entity;

b.      defectively forming or maintaining the Corporate Defendant, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

c.      transferring assets and debts freely as between all Defendants;

d.      operating the Corporate Defendant for their own benefit as the majority shareholder;

e.      operating the Corporate Defendant for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

f.      intermingling assets and debts of their own with the Corporate Defendant;

g.      diminishing and/or transferring assets of the Corporate Defendant to protect their own interests; and

h.      other actions evincing a failure to adhere to the corporate form.

26.     At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

27.     Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

## FACTUAL ALLEGATIONS

28.     Plaintiff was an employee of Defendants.

29.     Plaintiff was employed as a manual worker and general worker at Britannica Floor Covering from April 2016 to, through and including December 2019.

30.     Plaintiff's work duties required neither discretion nor independent judgment.

31.     From April 2016 through and including June 2016, Jackson regularly worked three (3) to four (4) days per week as a general worker, from approximately 8:00 a.m. to 4:00 p.m. (*i.e.,* total of approximately 8 hours each day), for a total period of approximately 28 hours during each of the weeks, respectively.

32.     Plaintiff's duties and responsibilities as a general worker from April 2016 through and including June 2016 included cleaning and maintaining the building located at 155 Park Ave, #1 Amityville, NY 11701.

33.     From July 2016 through and including December 2019, Jackson regularly worked five (5) days per week as a manual worker and general worker, from approximately 8:00 a.m. to 5:00 p.m. (*i.e.,* total of approximately 9 hours each day), for a total period of approximately 45 hours during each of the weeks, respectively.

34.     From April 2016 through and including June 2016 , Jackson was paid $10 for all hours worked.

35.     From July 2016 through and including December 2019, Jackson was paid $12 for all hours worked.

36.     On the weeks where Plaintiff worked in excess of forty (40) hours a week, he was only paid his straight time rate of pay.

37.     Plaintiff regularly worked for the Defendants in excess of forty (40) hours a week but never received an overtime premium of one and one-half times his regular rate of pay for those hours.

38.     From July 2016 through and including December 2019, all of the work Plaintiff performed was for public works projects funded by New York City government instrumentalities.

39.     Examples of publicly funded construction projects that Plaintiff worked on include: (i) the "Bainbridge" development in The Bronx, New York; (ii) a development on or near 97th Street,  across from the NYC Health + Hospital, in Manhattan; (iii) the "Linds Place" development in The Bronx, New York; and (iv) the "Julius" development, in Brooklyn, New York.

40.     Under NY Labor Law § 220(a), Defendants were required to pay prevailing wages to employees working on public works projects. This obligation was either expressly included in or incorporated by reference into Defendants' contract with either a New York City government instrumentality or with any general contractor with which the government instrumentality had a contract.

41.     While the prevailing wage for manual workers and general laborers depends on the exact classification of the tasks undertaken, the prevailing wage is generally at least $68, and sometimes significantly higher, with supplemental benefits of around the same value.

42.     Plaintiff did not receive the prevailing wage he was owed, however.

43.     From July 2016 through and including December 2019, Plaintiff only received $12 per hour.

44.     Thus, he was paid less than prevailing wages on public works projects.

45.     Whatever the exact prevailing wage Plaintiff was owed on various project, it was in every case well above the $12 per hour he typically earned from July 2016 through and including December 2019.

46.     Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

47.     Defendants did not state the correct gross wages, as defined by NYLL, for any

employee on any pay statement as required by NYLL or deductions from the correct gross wages.

48.     Plaintiff was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

49.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

50.     Defendants did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

51.     Defendants did not give any notice to Plaintiff of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

52.     At all relevant times, Defendants did not pay Plaintiff at the rate of one and one-half times his hourly wage rate for hours worked in excess of forty per workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

53.     Plaintiff brings the First and Third Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to manual workers and general workers) employed by Defendants on or after the date that is three years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

54.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required overtime wage for all hours worked in excess of forty hours per work week. These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

55.     The First and Third Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

56.     Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

## FIRST CLAIM
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)

57.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

58.     Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

59.     Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiff.

60.     Due to Defendants' violations of the FLSA, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## SECOND CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

61.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth

herein.

62.     At all relevant times to this action, Plaintiff is a covered, non-exempt employee within the meaning of the FLSA.

63.     Defendants were required to pay Plaintiff one and one-half (1 1/2) times the regular rate at which Plaintiff was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

64.     Defendants failed to pay Plaintiff the overtime wages to which they are entitled under the FLSA.

65.     Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

66.     Due to Defendants' willful violations of the FLSA, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

**THIRD CLAIM**
**(NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq*.)**

67.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

68.     Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the NYLL §650 et seq.

69.     Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiff.

70.     Due to Defendants' violations of the NYLL, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, are entitled to recover from Defendants, jointly and severally, their

unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

## FOURTH CLAIM
### (NYLL – Unpaid Overtime Wages)

71.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

72.     Plaintiff is a covered, non-exempt employee within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

73.     Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiff one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

74.     Defendants failed to pay Plaintiff the overtime wages to which he is entitled under the NYLL.

75.     Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

76.     Due to Defendants' willful violations of the NYLL, Plaintiff is a entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## FIFTH CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

77.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

78.     The NYLL and the WTPA require employers to provide all employees with a

written notice of wage rates at the time of hire.

79.     In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiffs at the time

of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates

of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or

other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging

allowances; the regular pay day designated by the employer in accordance with NYLL §191; the

name of the employer; any "doing business as" names used by the employer; the physical address

of the employer's main office or principal place of business, and a mailing address, if different;

the telephone number of the employer, and anything otherwise required by law.

80.     Due to Defendants' violations of NYLL §195 (1), Plaintiff is a entitled to recover

their liquidated damages, reasonable attorney's fees and cost and disbursement of the action,

pursuant to the NYLL §198 (1-b).

**SIXTH CLAIM**
**(Violation of the Wage Statement Provisions of the NYLL)**

81.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth

herein.

82.     With each payment of wages, Defendants failed to provide Plaintiffs with a

statement listing each of the following the dates of work covered by the payment of wages; name

of employee; name of employer; address and phone number of employer; rate or rates of pay and

basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross

wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of

regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

83.     As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages

of at least $150 per week during which the violations occurred.

## SEVENTH CLAIM
### (Failure to Pay Timely Wages)

84.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

85.     NYLL § 191(1)(a) prohibits employers from paying manual workers at no less than on a weekly basis.

86.     As described above, throughout their employment with Defendants, Plaintiff was underpaid their wages each week.

87.     As a result of Defendants' violation of NYLL § 191(1)(a), Plaintiff is entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-a).

## EIGHTH CLAIM
### (Breach of Contract)

88.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

89.     NYLL, Article 8, § 220(3)(a), (b) requires that all contracts to which the state, public benefit corporation, or a municipal corporation is a party "shall contain a provision that each laborer, workman, or mechanic, employed by such contractor, subcontractor or other person about or upon such public work, shall be paid the [prevailing] wage[]" and supplements for each hour worked.

90.     While the prevailing wage for manual workers and general laborers depends on the exact classification of the tasks undertaken, the prevailing wage is generally at least $68, and sometimes significantly higher, with supplemental benefits of around the same value.

91.     The statutorily required incorporation of such terms into all public works contracts

and subcontracts in the State of New York exists for the benefit of Plaintiff.

92.     Defendants breached their public works contracts and/or subcontracts by failing to pay Plaintiff the prevailing wage and supplemental benefits rate for all hours worked in performance of said contracts.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

a.     authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied minimum wages and premium overtime wages;

b.     certification of this case as a collective action pursuant to the FLSA;

c.     issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the FLSA Collective Plaintiffs;

d.     declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e.     declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

f.     declaring that Defendant violated the timely pay provisions of the NYLL;

g.     awarding Plaintiff unpaid minimum wages;

h.     awarding Plaintiff unpaid overtime wages;

i.     awarding Plaintiff damages as a result of Defendants' breach of contract;

j.     awarding unpaid wages under New York State law for failure to pay timely wages;

k.      awarding Plaintiff liquidated damages in an amount equal to the total amount of
        wages found to be due;

l.      awarding Plaintiff statutory damages as a result of Defendants' failure to furnish
        accurate wage notice pursuant to the NYLL;

m.      awarding Plaintiff pre- and post-judgment interest under the NYLL;

n.      awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of
        this action; and

o.      Such other relief as this Court deems just and proper.


Dated: New York, New York
       June 28, 2022                             Respectfully submitted,



                                        By:  /s/ Joshua Levin-Epstein
                                             Joshua Levin-Epstein
                                             Jason Mizrahi
                                             Levin-Epstein & Associates, P.C.
                                             60 East 42nd Street, Suite 4700
                                             New York, New York 10165
                                             Tel: (212) 792-0046
                                             Email: Joshua@levinepstein.com
                                             *Attorneys for the Plaintiff and proposed FLSA
                                             Collection Action Plaintiffs*